IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| DAVID BELVIN GILMORE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-875-A |
| | § | (NO. 4:14-CR-083-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of David Belvin Gilmore, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion and documents attached thereto, the government's response, and pertinent parts of the record in Case No. 4:14-CR-083-A, styled "United States of America v. David Belvin Gilmore," the court has concluded that the motion should be denied.

I.

### Background

Information contained in the record of the underlying criminal case discloses the following:

On April 16, 2014, movant was named in a one-count indictment charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). CR Doc.[1] 12. by order signed April 23, 2014,

---

[1] The "CR Doc." reference is to the number of the item on the docket in the underlying criminal
(continued...)

the court set a trial date of June 9, 2014, and a deadline of May 8, 2014, for the filing of pretrial motions. CR Doc. 17, ¶ 2. On May 29, 2016, movant filed a motion for leave of court to file notice of insanity defense out of time, noting that it had been due May 8, but failing to offer any excuse for the late filing. CR Doc. 27. Following a telephone conference with counsel for the parties, CR Doc. 31, movant filed a memorandum in support of his motion. CR Doc. 30. The court denied the motion for late filing of the notice and ordered the government to make a filing addressing its earlier motion for movant to undergo a psychiatric examination. CR Doc. 32. The government filed its response, noting that it had no reason to believe movant was incompetent and that there was no merit to an insanity defense. CR Doc. 33. The court allowed the government to withdraw the motion for psychiatric examination. CR Doc. 34. Movant filed a motion to reconsider the denial of his motion for leave to file notice of insanity defense, CR Doc. 37. The government filed a motion in limine to prevent movant from presenting mental health evidence for any purpose other than challenging the voluntariness of his post-arrest confession. CR Doc. 38. The court ordered expedited responses to the motions, CR Doc. 40. Having considered all of

---

[1](...continued)
case, No. 4:14-CR-083-A.

the filings pertinent to the issue, by order signed June 6, 2014, the court denied permission for movant to file out of time a notice of insanity defense. CR Doc. 51.

At a pretrial hearing conducted June 6, 2014, movant's counsel announced that in light of the court's ruling, movant had decided to conditionally plead guilty. CR Doc. 81, at 4-5. Because the time for pleading pursuant to a written plea agreement had passed, movant pleaded guilty without benefit of a written agreement, but reserved the right to appeal the court's denial of his untimely request to assert an insanity defense. CR Doc. 81, at 6-8. Under oath, movant stated that his medication did not affect his ability to make decisions and that he understood what was going on at the hearing and what he was doing, CR Doc. 81, at 18-20; movant had not been made any promises with regard to his plea of guilty or been coerced in any way, CR Doc. 81, at 22-23; he was satisfied with his counsel's representation and did not have any complaint in that regard, CR Doc. 81, at 25-26; movant understood the elements of the offense of bank robbery and admitted that each was true, CR Doc. 81, at 24-25; and, he understood the penalties he was facing, CR Doc. 81, at 26-27. The court concluded that the plea was knowing and voluntary. CR Doc. 81, at 29.

The court sentenced movant to a term of imprisonment of 100 months. CR. Doc. 74. The United States Court of Appeals for the Fifth Circuit affirmed the judgment on appeal. <u>United States v. Gilmore</u>, 613 F. App'x 436 (5th Cir. 2015). Movant's petition for writ of certiorari was denied. <u>Gilmore v. United States</u>, 136 S. Ct. 860 (2016).

II.

<u>Grounds of the Motion</u>

Movant urges three grounds in support of his motion, worded as follows:

> Ground One: My Attorney turned in my Plea Late! Supposed to be turned in on May 8, 2014
>
> Ground Two: <u>My Attorney the whole time was Coerced</u> me to just plea guilty wich i did not want to do. And just would not except me not wanting to do that. She wouldnt except me wanting to go to trial no matter how many times i told her! Angelina Saad
>
> Ground Three: My Attorny did not Put me in or get me <u>a full Mental Evaluation</u> no matter How many times i asked Her! Ms Angelina Saad

Doc.[2] 1, at 7.

---

[2] The "Doc." reference is to the number of the item on the docket in this civil action.

III.

Applicable Legal Principles

A.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this

6

type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

IV.

Analysis

Movant has failed to present the court with anything that would cause the court to conclude that any aspect of any of his grounds has the slightest merit. To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id.. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

Further, his insanity defense was the subject of his direct appeal and the appellate court found that movant failed to demonstrate that such defense had even "some merit." Counsel's performance cannot have been deficient if the outcome of the proceedings would have been the same. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). Movant's conclusory allegations are insufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 14, 2016.

JOHN McBRYDE
United States District Judge

8